# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 7, 2007**

Charles R. Fulbruge III
Clerk

No. 06-51114

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARTHA BARRAZA AGUIRRE; AMELIA PEREZ DE ACOSTA

Defendants-Appellants

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-517-PRM

Before JONES, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, co-defendants Martha Barraza-Aguirre and Amelia Perez de Acosta challenge their two-count jury convictions of conspiracy to possess and possession with intent to distribute cocaine arguing that there was insufficient evidence to prove that defendants knew the cocaine was in their vehicle. For the following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. We review a challenge to the sufficiency of the evidence to determine whether any reasonable trier of fact could have found that the evidence established the guilt beyond a reasonable doubt. United States v. Johnson, 381 F.3d 506, 508 (5th Cir. 2004). "All reasonable inferences from the evidence must be construed in favor of the jury verdict." Id. The evidence need not exclude every reasonable hypothesis of innocence. United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995). The relevant inquiry is not whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit. Id.

2. The question before us is whether the evidence was sufficient to support the jury's conclusion that Acosta and Barraza-Aguirre had knowledge of the cocaine in the hidden compartments of their vehicle. "A jury may ordinarily infer a defendant's knowledge of the presence of drugs from his control over the vehicle in which they are found." United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003). "If the contraband is hidden, however, we require additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge." Id.

3. Here, Acosta was the owner of the drug-bearing Durango. Acosta and Barraza-Aguirre were in control of the vehicle at the time the drugs were found at a border checkpoint. Additionally, the Government provided significant circumstantial evidence that was suspicious in nature including (1) Acosta's extreme nervousness at the checkpoint in spite of her legal status, including her attempt to silence Barraza-Aguirre and to abandon the significant amount of cash she carried after she was searched, see United States v. Diaz-

Carreon, 915 F.2d 951, 954 ("Nervous behavior at an inspection station frequently constitutes persuasive evidence of guilty knowledge."); (2) Acosta's inconsistent statements regarding her relationship to Barraza-Aguirre and her residence, see id. at 954-55 ("Inconsistent statements are inherently suspicious; a factfinder could reasonably conclude that they mask an underlying consciousness of guilt."); (3) prayer books found in the vehicle seeking good luck in and receipt of "a lot of money" from new endeavors; (4) a key ring tool corresponding with the bolts on the concealment panel; (5) Appellant's claims that they were merely traveling to Carlsbad for a five-day weekend when maps spread out in the vehicle and notes in the console indicated circuitous travel directions from El Paso to the Philadelphia-New Jersey area; (6) the women carried large sums of cash, see United States v. Pennington, 20 F.3d 593, 598 (5th Cir. 1994) (noting in a hidden compartment case that possession of large amounts of cash by a defendant may be considered evidence of guilt); (7) two vehicles purchased by or for Acosta in the presence of Barraza-Aguirre for cash under unusual financing circumstances, with the papers sent to a false address and the cars being driven for thousands of miles within a few months; and (8) Acosta's detailed expense records on these apparent business trips, though both women claimed to be unemployed. Acosta's and Barraza-Aguirre's explanations for these suspicious facts were implausible. Diaz-Carreon, 915 F.2d at 954-55 (recognizing that a less-than-credible explanation for a defendant's actions is part of the overall circumstantial evidence from which possession and knowledge may be inferred).

4. Considering the Government's evidence as a whole and the inferences that could properly be drawn from it, we conclude that the jury could reasonably have found beyond a reasonable doubt that Appellants knew illegal drugs were concealed in their vehicle.

AFFIRMED.